UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES MARVIN REED,

     Plaintiff,

                               Case No. 26-11324

v.

                               Hon. F. Kay Behm
                               U.S. District Judge


NICOLE GOODSON,

     Defendant.

_____/

**ORDER DENYING MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER (ECF No. 3)**

Plaintiff James Marvin Reed filed a motion for temporary restraining order against Defendant, Judge Nicole Goodson, on April 22, 2026. ECF No. 3. He filed his complaint that same day, and appears to allege constitutional violations against Goodson for a series of orders entered in a Michigan state court. *See* ECF No. 1. Setting aside the merits of this complaint, Reed appears to not yet have served Defendant with the summons and complaint, and Defendant has been served nor appeared in this action. The motion is thus brought *ex parte*,

and because the court finds that Plaintiff has not met the standard for granting *ex parte* relief, the motion is denied.

Plaintiff seeks to restrain Defendant from enforcing certain orders entered in state court proceedings.  ECF No. 3, PageID.19-20.  Judge Goodson appears to have entered a series of orders requiring Plaintiff to appear for paternity testing.  ECF No. 3, PageID.31-33.  When Plaintiff failed to submit to that testing, and failed to respond to several show cause orders, Judge Goodson held him in contempt and entered a default order of paternity.  *Id.*  As a result, Plaintiff alleges he was incarcerated, fined, and is now subject to obligations imposed by the order of paternity.  *Id.* at PageID.18-20.  His claim is that he was not properly served in a timely manner with the court's orders, so compliance was not possible.  *Id.* at PageID.16-17.

Prior to considering the merits of Plaintiff's request, the court must be satisfied that *ex parte* relief is appropriate. "The only type of injunctive relief that a district court may issue *ex parte* is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993); Fed. R. Civ. P. 65(b).  According to Federal Rule of Civil Procedure 65(b), the "court may issue a temporary restraining

order without written or oral notice to the adverse party or its attorney

*only if:*

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.* (emphasis added). These "stringent restrictions . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters,* 415 U.S. 423, 439 (1974). An *ex parte* temporary restraining order is "only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erad v. Johnson,* 905 F. Supp.2d 782, 791 (E.D. Mich. 2012).

The Sixth Circuit has explained that "[t]he normal circumstance for which the district court would be justified in proceeding *ex parte* is

where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *Depinet*, 11 F.3d at 650.  It also described "another limited circumstance for which the district court may proceed *ex parte*: where notice to the defendant would render fruitless further prosecution of the action."  *Id.*

Plaintiff has not satisfied the requirements of Rule 65(b)(1), which requires a party to clearly show irreparable and immediate injury and certify why notice should not be required.  He does not claim or provide any evidence that would tend to show that Defendant is "unable to be found" or that notice would render the action "fruitless."

Therefore, it is **ORDERED** that Plaintiff's motion for temporary restraining order (ECF No. 3) is **DENIED.**

Dated: May 7, 2026                          s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge

4