UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MARVIN REED,

Plaintiff,

v.

NICOLE GOODSON,

Defendant.
_______________________________/

Case No. 4:26-cv-11324

Hon. F. Kay Behm
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND (ECF No. 10) AND DISMISSING CASE**

Plaintiff James Marvin Reed filed this action against Defendant Judge Nicole Goodson on April 22, 2026. ECF No. 1. He appears to allege constitutional violations against Defendant for a series of orders entered in a Michigan state court. *See id.* Plaintiff, however, has not yet served Defendant with the summons and complaint. On July 23, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute because more than 90 days had passed since the complaint was filed. ECF No. 7. Plaintiff filed a response, and the Court extended the deadline for him to serve Defendant by fourteen (14) days, despite his failure to provide good

cause for the delay. ECF No. 9. In that order, Plaintiff was warned that his failure to serve Defendant by the August 21, 2026 deadline may result in dismissal of his case. In lieu of serving Defendant as ordered, Plaintiff has now filed a motion requesting the Court to extend the time for service by an additional thirty days. ECF No. 10.

Federal Rule of Procedure 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." In his motion, Plaintiff requests an extension, arguing that the current delay is due to excusable neglect, and explaining that he mailed the relevant documents "by certified U.S. Mail, return receipt requested, to the Michigan Attorney General" on April 24, 2026. ECF No. 10, PageID.80. He says that after the order extending the time for service, he "understood the unresolved service problem to concern whether the April mailing and confirmed delivery were sufficient and how that proof should be placed before the Court." *Id.*, PageID.81. He

then goes on to explain that the delay in filing the documents occurred because he was advised by the Clerk's Office on August 24 that because he had received e-filing access on August 3, the document had to be e-filed. *Id.*

Plaintiff again misunderstands the issue. As was explained in the Court's prior order extending service: "The court indeed requires proof of service to show that Plaintiff is prosecuting this case, but the Michigan Attorney General is neither a party to this case nor an agent of Defendant Goodson for purpose of service of process, so his attempts at service on the Attorney General are irrelevant." ECF No. 9, PageID.72. Plaintiff was given until August 21, 2026, "to serve the proper defendant." *Id.*, PageID.73. He has not done so, nor has he made any effort at doing so, as he appears to be under the impression that his attempt at serving the Michigan Attorney General was sufficient to serve Defendant. The Court again finds there has not been good cause for that failure, especially in light of the express direction in the prior order that Plaintiff serve the proper defendant, and the warning that if he did not do so his case may be dismissed. As such,

Plaintiff's motion to extend (ECF No. 10) is **DENIED**, and the case is **DISMISSED WITHOUT PREJUDICE** for failure to serve.[1]

**SO ORDERED.**

Date: August 31, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge

---

[1] The Court also notes that Plaintiff is attempting to sue Judge Goodson based on multiple orders she entered during a state court case. As Judge Goodson is entitled to judicial immunity for the performance of her official judicial functions, Plaintiff's case is also subject to dismissal for lack of subject matter jurisdiction because it is frivolous and completely devoid of merit. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."); *Metzenbaum v. Nugent*, 55 F. App'x 729, 730 (6th Cir. 2003) ("Upon review, we conclude that this case was properly dismissed for lack of subject matter jurisdiction, as it was unsubstantial and absolutely devoid of merit. The named defendant was entitled to absolute judicial immunity." (citing *Apple*, 183 F.3d at 479)).